UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **CHRISTY E. BUTLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CIVIL ACTION** |
| **STEVEN T. MNUCHIN,** | ) | |
| **SECRETARY OF THE TREASURY,** | ) | **NO. 2:19-CV-2577** |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Steven T. Mnuchin, Secretary of the Treasury, through his counsel the United States Attorney for the Western District of Tennessee, and for his Answer to and Affirmative Defenses to Plaintiff's Complaint states as follows:

## NATURE OF COMPLAINT

1.      This paragraph is Plaintiff's characterization of her complaint, to which no response is required.  To the extent that an answer may be required, denied.

2.      Denied.

3.      Defendant admits only that the Department of Treasury issued its Final Agency Decision ("FAD") on June 13, 2019. Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 3 and therefore denies the same.

4.      Defendant admits only that the instant Complaint was filed within 90 days of the issuance of the Treasury Department's FAD as required by statute.  Defendant denies the remaining allegations of paragraph 4.

## PARTIES

5.      Defendant lacks sufficient information to admit or deny the residence of the Plaintiff and therefore denies the same.

6.      Admitted.

7.      Admitted.

## JURISDICTION AND VENUE

8.      Paragraph 8 states legal conclusions, to which no response is required.

9.      Paragraph 9 states legal conclusions, to which no response is required.  To the extent that an answer may be required, Defendant admits that venue is proper.

## FACTUAL BACKGROUND

10.     Denied.  Defendant avers that Plaintiff's employment with Defendant commenced on May 30, 2013.

11.     Admitted.

12.     Defendant lacks sufficient information to admit or deny the allegations in paragraph 12, and therefore denies the same.

13.     Denied.

14.     Defendant admits only that Plaintiff uses a wheelchair, but denies that the disabilities alleged in paragraph 12 are "immediately apparent."  Defendant denies the remaining allegations of paragraph 14.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.  Defendant avers that as a result of a Reasonable Accommodation Request in 2014, it made modifications to the handicap bathroom stall and sink in the Module G restroom facility.

21.     Defendant admits only that Darro Robinson, Facilities, Environmental, Health and Safety Manager, coordinated the 2014 restroom modifications.   Defendant denies the remaining allegations of paragraph 21.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Defendant admits only that Plaintiff voluntarily withdrew her retirement paperwork. Defendant denies the remaining allegations of paragraph 32.

33.     Defendant is without sufficient information to admit or deny the allegations in paragraph 33 and therefore denies same.

34.     Defendant is without sufficient information to admit or deny the allegations in paragraph 34 and therefore denies same.

35.     Denied.

36.     Defendant admits only that in or about January 2018, Plaintiff was re-assigned to the "Batch Team." Defendant denies the remaining allegations of paragraph 36.

37.     Admitted. Defendant avers that although team members of Plaintiff's new team changed cubicles, Plaintiff had been provided with a custom fitted cubicle based on her prior reasonable accommodation request, and that she remained in that specially designed cubicle. Defendant further avers that Defendant did not relocate Plaintiff due to the close proximity of the new team to which she was assigned – approximately 12 feet away.

38.     Denied.

39.     Denied. Defendant avers that Plaintiff and other team members worked in cubicles, and therefore no employee had a "line of sight" to other employees. Defendant further avers that Plaintiff's newly assigned manager's office was directly across from her former manager.

40.     Denied.

41.     Denied.

42.     Paragraph 42 states legal conclusions, to which no response is required. To the extent that a response is required, Defendant denies the allegations contained therein.

43.     Denied. Defendant avers that on March 21, 2018, the restroom stall that had been modified pursuant to Plaintiff's 2014 Reasonable Accommodation request in Module G was locked because of a toilet stoppage. Defendant further avers that the stoppage issue was resolved one day later on March 22, 2018 and access was restored.

44.     Defendant admits only that the restroom stall that had been modified pursuant to Plaintiff's 2014 Reasonable Accommodation request in Module G was locked for approximately two days.

4

45.      Defendant denies the characterization of the facts as alleged in paragraph 45.  Defendant

avers that no employees, regardless of disability or participation in protected activity, were

deprived access to or restricted from the use of restrooms they could use.

46.      Defendant is without sufficient information to admit or deny the allegations in paragraph

46 and therefore denies same.

47.      Denied.

48.      Denied.

49.      Denied.

50.      Denied.

51.      Denied.

52.      Denied.

53.      Paragraph 53 states legal conclusions, to which no response is required.  To the extent

that a response is required, Defendant denies that Plaintiff was harmed.  Defendant is without

sufficient information to admit or deny the allegations regarding Plaintiff's access to public

transportation in paragraph 53 and therefore denies same.

54.      Defendant is without sufficient information to admit or deny the allegations in paragraph

54 and therefore denies same.

55.      Defendant is without sufficient information to admit or deny the allegations in paragraph

55 and therefore denies same.

56.      Defendant is without sufficient information to admit or deny the allegations in paragraph

56 and therefore denies same.

57.      Defendant admits only that in or about March 2018, Plaintiff's work schedule was

changed to 7:00 am to 3:30 pm.  Defendant denies the remaining allegations of paragraph 57.

58.     Defendant admits only that on May 2, 2017, Plaintiff submitted a request for Reasonable Accommodation requesting a permanent work allowance based on her disability. Defendant denies the remaining allegations of paragraph 58.

59.     Defendant admits only that Shauna Harris, a Reasonable Accommodation Coordinator, informed Plaintiff on or about August 28, 2017 of the availability of the position of Seasonal Tax Examining Clerk as a position of accommodation based on her request.  Defendant denies the remaining allegations of paragraph 59.

60.     Denied.

61.     Denied.

62.     Paragraph 62 states legal conclusions, to which no response is required.  To the extent that a response is required, Defendant denies that Plaintiff was harmed.

63.     Defendant admits only that Plaintiff has made six formal requests for Reasonable Accommodation since 2013.  Defendant denies the remaining allegations of paragraph 63.

64.     Denied.  Defendant avers that in September 2013, Plaintiff filed a formal request for Reasonable Accommodation in which she requested the use of Dragon naturally speaking software and accessories, and that all communications be sent to her in large print.

65.     Denied.

66.     Denied.

67.     Denied.  Defendant avers that no employee, regardless of disability or participation in protected activity, were deprived tools needed to perform job duties.

68.     Paragraph 68 states legal conclusions, to which no response is required.  To the extent that a response is required, Defendant denies that Plaintiff was harmed.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Paragraph 72 states legal conclusions, to which no response is required.  To the extent that a response is required, Defendant denies that Plaintiff was harmed.

73.     Denied.

74.     Denied.

75.     Defendant admits only that Plaintiff discussed shadowing opportunities with Demetria Brown.  Defendant denies the remaining allegations of paragraph 75.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Defendant admits only that Dennis Krings denied Plaintiff's request to move to MOIC. Defendant denies the remaining allegations of paragraph 81.

82.     Denied.

83.     Paragraph 83 states legal conclusions, to which no response is required.  To the extent that a response is required, Defendant denies that Plaintiff was injured.

## COUNT I

84.     This paragraph is Plaintiff's characterization of her complaint, to which no response is required. To the extent that an answer may be required, denied.

85.     Paragraph 85 is a statement of law to which no response is required.

86.     Paragraph 86 is a statement of law to which no response is required.

87.      Paragraph 87 is a statement of law to which no response is required.

88.      Paragraph 88 is a statement of law to which no response is required.

89.      Paragraph 89 states legal conclusions to which no response is required.  To the extent that an answer may be required, denied.

90.      Paragraph 90 states legal conclusions to which no response is required.  To the extent that an answer may be required, denied.

91.      Paragraph 91 states legal conclusions to which no response is required.  To the extent that an answer may be required, denied.

92.      Paragraph 92 states legal conclusions to which no response is required.  To the extent that an answer may be required, denied.

93.      Paragraph 93 states legal conclusions to which no response is required.  To the extent that an answer may be required, Defendant denies that any act or omission it, the United States, or any of its agents took was a direct or proximate cause of any injury to the Plaintiff.  Further, Defendant lacks sufficient information to determine whether Plaintiff was injured and any damages related to those injuries, and therefore denies the same.


        Defendant hereby denies all allegations of the Complaint not herein above otherwise stated.

## PRAYER FOR RELIEF

        The final paragraph beginning with "WHEREFORE," and its subparts, contains Plaintiff's prayer for relief, to which no response is required.  To the extent an answer is required, Defendant denies that Plaintiff is entitled to any relief whatever.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1.      Plaintiff fails to state a claim upon which relief may be granted.

2.      Plaintiff has failed to administratively exhaust certain claims or otherwise failed to comply with all conditions precedent to the commencement of this action.

3.      Some of Plaintiff's claims are barred by the applicable statute of limitations.

4.      Upon information and belief, Plaintiff has failed to mitigate her damages.

5.      Defendant's actions were based on legitimate factors, and were not based on discriminatory, retaliatory, or other unlawful motives.

6.      Plaintiff's claims are barred because she failed to avail herself of the complaint procedures available to her to avoid harm with respect to her allegations of harassment or hostile work environment.   Plaintiff's claims are barred to the extent she failed to notify Defendant of any alleged harassment, hostile work environment, or retaliation.

7.      Defendant exercised reasonable care to prevent and correct promptly any and all harassing behavior, and Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities or to otherwise avoid harm.

8.      Defendant avers that any injuries for which Plaintiff is seeking relief were caused, in whole or in part, by herself or the conduct of others for whom Defendant is not liable.

9.      Defendant avers that it cannot be held liable for the acts of its employees or agents committed outside the scope of their employment or agency.

10.     Defendant avers that it cannot be held liable for the acts of its employees or agents which it neither authorized nor ratified.

11.     Defendant avers that Plaintiff did not suffer any damages for which she is entitled to relief, or which are attributable to any alleged wrongful conduct by Defendant.

9

12.     Defendant acted at all times in good faith and did not act in a willful or wanton manner, and has not violated any rights which may be secured to Plaintiff under any federal, state, or local laws, rules, regulations, code, constitution, guidelines, or common law, and did not retaliate against Plaintiff for participation in any protected activity.

13.     Defendant made a good faith effort to comply with all applicable laws; thus, Plaintiff is not entitled to any punitive damages.

14.     Without admitting that Plaintiff is entitled to any relief, Plaintiff's recovery in this action is limited to the applicable statutory caps.

15.     Defendant avers that Plaintiff was never harassed in a way that unreasonably interfered with her work performance, or that any alleged harassment ever created an intimidating, hostile, or offensive work environment.

16.     Without admitting any of the allegations contained in Plaintiff's Complaint, Defendant avers that Plaintiff failed to comply with Defendant's usual and customary processes for seeking a reasonable accommodation.

17.     Plaintiff's claims are barred to the extent Plaintiff did not have a disability, or a record of disability, as defined by the ADA as amended or the Rehabilitation Act.  Plaintiff's claims are also barred to the extent Plaintiff was not regarded as having a disability.

18.     This action or any relief sought by Plaintiff is barred in whole or in part, because the Defendant may have additional defenses that cannot now be articulated due to the generality of Plaintiff's pleadings and the fact that discovery has not been completed.  Accordingly, Defendant reserves the right to supplement the foregoing and to raise additional defenses as may appear as the case progresses.

WHEREFORE, Defendant respectfully requests that the Complaint be dismissed in its entirety and the Defendant be granted such other and further relief as is deemed just and proper.

Respectfully submitted,
D. Michael Dunavant
United States Attorney

s/ Reagan Taylor Fondren
Reagan Taylor Fondren (Bar# 024743)
Assistant United States Attorney
167 North Main Street, Suite 800
Memphis, Tennessee 38103
(901) 544-4231
reagan.fondren@usdoj.gov

s/ Eileen Kuo
Eileen Kuo (Bar #027365)
Assistant United States Attorney
167 N. Main Street, Suite 800
Memphis, TN 38103
(901) 544-4231
eileen.kuo@usdoj.gov

11

12

## CERTIFICATE OF SERVICE

I, Reagan Taylor Fondren, Assistant U.S. Attorney, certify that the foregoing was sent via

electronic filing to Philip Oliphant, Attorney for Plaintiff.

s/Reagan Taylor Fondren
Assistant United States Attorney

October 29, 2019